267 So.2d 204

STATE of Louisiana

v.

Roland CORBELLO.

No. 51832.

Oct. 4, 1972.

Raleigh Newman, Lake Charles, for defendant-appellant.

William J. Guste, Jr., Atty. Gen., Harry H. Howard, Asst. Atty. Gen., Frank T. Salter, Jr., Dist. Atty., Charles W. Richard, Asst. Dist. Atty., for plaintiff-appellee.

## PER CURIAM.

Defendant appeals his conviction and one year jail sentence for possession of marijuana.

The state's first witness was a deputy sheriff in charge of an undercover narcotics operation. He had employed two persons, a man and a woman, to investigate illegal narcotics activity; the man was to be one of the main witnesses against the defendant. On cross examination the deputy was asked if he had been told that the male "undercover agent" he had employed had been a drug user. The deputy denied it.

On redirect, the assistant district attorney (because, he said, he knew the deputy was mistaken) interrogated the deputy about conversations with the estranged wife of the agent. The deputy then testified that the agent's estranged wife told him that he was a drug user. Then the prosecutor asked: "In your opinion, Mr. Hebert, is she (the agent's wife) a sane, reasonable woman?". The defense objected, stating: "He's not a Psychiatrist, or anything else. If she takes the stand the jury can make their own determination whether she is worthy of belief. That's not Mr. Hebert's province." (The woman in question had been summoned by the defense.)

The objection was overruled, and Bill of Exceptions #6 was perfected.

Continuing his examination concerning the sanity of the agent's wife, the prosecutor asked: "And with your conversations with her did she appear to be a reasonable or sane type of individual?". The deputy answered: "No, sir, she was not. She appeared to be a real bad mental case, sir."

There is no authority in Louisiana allowing the impeachment of a prospective witness. To the contrary, such procedure is specifically prohibited. R.S. 15:484 provides:

"Before a witness has been sworn he can be neither corroborated nor impeached, nor is testimony to establish the credibility of a witness admissible until that credibility has been attacked."

Bill of Exceptions # 6 is good, and the conviction and sentence must be reversed.

In addition, error was committed in the trial court in connection with the examination of character witnesses for the defendant. Bill of Exceptions # 11 was perfected when an objection was sustained to the following question asked a defense witness: "Mr. Boise, have you heard of his reputation in this community discussed for being law abiding—for being a law abiding citizen?"

Excluding such evidence was error. Evidence of the good character of the accused is always admissible, and depends on his general reputation. R.S. 15:479, 480.

The conviction and sentence are reversed.